IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
CLIFFORD J. DAVLIN,             )
                                )
            Plaintiff,          )       8:11CV396
                                )
      v.                        )
                                )
TIM MILLER, Unit Manager,       )       MEMORANDUM AND ORDER
Housing Unit # 3, Nebraska      )
State Penitentiary; and         )
O. PEREZ, Case Worker,          )
Housing Unit # 3, Nebraska      )
State Penitentiary, and in      )
their individual and official   )
capacities,                     )
                                )
            Defendants.         )
_____)
```

Plaintiff filed his complaint in this matter on November 21, 2011 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 8) and has paid the initial partial filing fee. The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on November 21, 2011, against two individual employees of the Nebraska State Penitentiary ("NSP")(Filing No. 1). Defendants are sued in both their official and individual capacities. (*Id.* at CM/ECF p. 2.) Plaintiff is currently confined at NSP in Lincoln, Nebraska. (*Id.* at CM/ECF p. 1.)

Plaintiff alleges that he is a diabetic and that medical staff authorized him to keep certain diabetic supplies, including medication, "lances" and "alcohol pads" in his cell. (*Id.* at CM/ECF p. 2, 6.) On October 28, 2011, plaintiff obtained a drug called "Metformin," lances, and alcohol pads from medical staff at NSP for treatment of his diabetes. (*Id.* at CM/ECF p. 2.) Defendants thereafter "threatened" plaintiff and confiscated these supplies, along with plaintiff's "glucosemeter and blood sugar test strips." (*Id.* at CM/ECF pp. 2-3.) Plaintiff approached defendant Perez regarding how to treat his diabetes after confiscation of these items, but defendant Perez told him, "I don't know and I don't care . . . go away." (*Id.* at CM/ECF p. 5.) Plaintiff also approached defendant Miller about the confiscation of his diabetes treatment supplies and defendant Miller also disregarded plaintiff's requests. (*Id.* at CM/ECF pp. 5-6.)

As a result of the confiscation of his supplies, plaintiff's diabetes was untreated for nine days, during which he experienced "extremely high rated glucose serum" and became "critical dangerously ill." (*Id.* at CM/ECF p. 4.) Plaintiff alleges that defendants acted with "deliberate indifference to his serious medical needs" by "intentionally depriv[ing]" plaintiff of his diabetic treatment supplies and causing him to

become seriously ill. (*Id.* at CM/ECF pp. 6-8.) Plaintiff seeks unspecified monetary compensation. (*Id.* at CM/ECF p. 8.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th

-3-

Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

*A. Sovereign Immunity*

Plaintiff seeks monetary relief only against two employees of the State of Nebraska (Filing No. 1 at CM/ECF pp. 1-2, 8). However, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

-4-

Here, plaintiff sues defendants in both their individual and official capacities and seeks monetary relief only (Filing No. 1 at CM/ECF p. 8). Both defendants are employees of the State of Nebraska. As set forth above, plaintiff may not sue a state or its employees in their official capacities for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, plaintiff's claims against defendants in their official capacities must be dismissed.

    B.   *Eighth Amendment Medical Claim*

Liberally construed, plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and alleges that defendants violated plaintiff's Eighth Amendment rights to receive medical care while incarcerated (Filing No. 1). A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d

967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Id. (citing Estelle, 429 U.S. at 103-104).

Here, plaintiff alleges that he is a diabetic, which requires medication, glucose testing, and other treatment (Filing No. 1). In addition, plaintiff specifically alleges that defendants confiscated his diabetes treatment supplies and then ignored his requests for treatment. Plaintiff alleges that defendants' conduct was "deliberately indifferent" in failing to allow him treatment for this condition when they confiscated his diabetes treatment supplies even though plaintiff had permission to keep such supplies in his cell. The Court finds that plaintiff's allegations "nudge" his Eighth Amendment medical claim across the line from conceivable to plausible. As a result, this claim may proceed against defendants in their individual capacities only. However, the Court cautions plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of plaintiff's claims or potential defenses thereto.

-6-

IT IS ORDERED:

1) Plaintiff's Eighth Amendment claims against defendants in their official capacities are dismissed without prejudice. Plaintiff's Eighth Amendment claims against defendants in their individual capacities only may proceed.

2) To obtain service of process on defendants, plaintiff must complete and return the summons forms which the clerk of the court will provide. The clerk of the court shall send TWO (2) summons forms and TWO (2) USM-285 forms (for service on defendants in their individual capacities only) to plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court. In the absence of the forms, service of process cannot occur.

3) Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The clerk of the court will copy the complaint, and plaintiff does not need to do so.

4. Fed. R. Civ. Pro. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.

However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted an extension of time until 120 days from the date of this order to complete service of process.

   5) Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant.  A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

   6) The clerk of court is directed to set a pro se case management deadline in this case with the following text: **"May 29, 2012:**  Check for completion of service of summons."

   7) The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

   DATED this 1st day of February, 2012.

        BY THE COURT:

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.