IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLIFFORD J. DAVLIN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV396 |
| | ) | |
| v. | ) | |
| | ) | |
| TIM MILLER, Unit Manager, | ) | MEMORANDUM OPINION |
| Housing Unit # 3, Nebraska | ) | |
| State Penitentiary; and | ) | |
| O. PEREZ, Case Worker, | ) | |
| Housing Unit # 3, Nebraska | ) | |
| State Penitentiary, and in | ) | |
| their individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on defendants' Motion for Summary Judgment (Filing No. 23). As set forth below, the motion will be granted.

### I.   BACKGROUND

Plaintiff Clifford J. Davlin ("Davlin") filed his complaint in this matter on November 21, 2011 (Filing No. 1). Davlin's claims are brought pursuant to 42 U.S.C. § 1983 and, liberally construed, allege that defendants violated his Eighth Amendment right to receive medical care while incarcerated because they confiscated his diabetic testing supplies and medication (Filing No. 10 at CM/ECF pp. 2-3). The Court conducted a detailed initial review of Davlin's complaint and dismissed his official-capacity claims against defendants on February 1, 2012. (*Id.* at CM/ECF pp. 4-5.)

Defendants filed their Motion for Summary Judgment on May 31, 2012 (Filing No. 23). Along with their motion, defendants filed a Brief in Support (Filing No. 24) and an Index of Evidence (Filing No. 25). Davlin did not file a response to the Motion for Summary Judgment. (*See* Docket Sheet.)

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts about which the moving party contends there is no genuine issue to be tried and that entitles the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

Defendants have submitted a statement of material facts in accordance with the Court's Local Rules. However, Davlin has not submitted any "concise response" to those facts. Defendants submitted evidence which was properly authenticated by affidavit. Davlin has not. This matter is therefore deemed fully submitted and the Court adopts the following relevant undisputed facts.

## II.     RELEVANT UNDISPUTED FACTS

1.  Davlin is currently an inmate confined at the Nebraska State Penitentiary ("NSP") in Lincoln, Nebraska. (*See* Filing No. 1.)

2.  Defendants are employees of the Nebraska Department of Correctional Services ("NDCS"), employed at the NSP. (*Id.*)

3.  At the NSP, inmate grievances are handled through a three-step grievance procedure. The grievance procedure is set forth in the "Rules and Regulations Inmate Rulebook" which is provided to each inmate upon his or her commitment to the NDCS (Filing No. 25 at CM/ECF pp. 3, 5-6).

4.  The three-step grievance procedure has been promulgated pursuant to the Nebraska Administrative Procedures Act and has been certified by the United States Department of Justice. (*Id.* at CM/ECF pp. 3-4.)

5.  The NSP maintains a file of all grievances submitted by an inmate during the inmate's incarceration in the

NDCS.  The Warden at NSP carefully reviewed Davlin's inmate file to determine whether he filed any grievances relating to this matter.  (*Id.* at CM/ECF p. 4.)

6.   Davlin did not file any grievances relating to either defendant, and did not file any grievances relating to any NSP employee confiscating his diabetic testing supplies or medication, the subject of Davlin's Eighth Amendment claims.  (*Id.* at CM/ECF p. 4.)

### *III. ANALYSIS*

**A.   Standard of Review**

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Pro. 56(c).  *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the Court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B. Defendants' Motion for Summary Judgment**

Defendants argue that they are entitled to summary judgment because Davlin failed to exhaust his administrative remedies before filing suit (Filing No. 24). The Court agrees.

As set forth in the Prison Litigation Reform Act:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This exhaustion requirement is a mandatory prerequisite to filing suit under 42 U.S.C. § 1983 or any other federal law. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see*

*also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) (citing *Porter* and reiterating that "unexhausted claims cannot be brought in court"). To be clear, exhaustion must occur *prior to* filing suit in federal court and may not occur during the pendency of a federal lawsuit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). As set forth in *Johnson*:

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Id.*

Davlin filed his complaint on November 21, 2011 (Filing No. 1). As set forth above, the NDCS has a three-step grievance process for inmates to exhaust their administrative remedies. Thus, in order to properly exhaust his administrative remedies, Davlin must have engaged in all three steps of this grievance process *prior to* filing his Complaint on November 21, 2011. The undisputed evidence before the Court shows that Davlin has never filed any grievance relating to defendants or relating to the confiscation of his diabetic testing supplies and

medication (Filing No. 25 at CME/CF p. 4).  These issues are the basis of Davlin's Eighth Amendment claim (Filing No. 1).  Davlin did not file any response to the Motion for Summary Judgment, and therefore does not claim that he complied with the three-step grievance process.  (*See* Docket Sheet.)  Thus, the Court finds that Davlin has failed to exhaust his NDCS administrative remedies prior to filing and this matter will be dismissed without prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 11th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.